IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INNA KHODORKOVSKAYA,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 1:19-cv-00809-DLF |
| vs. : | |
| **KENNETH K. LIN, et al.,** : | **ORAL ARGUMENT REQUESTED** |
| **Defendants.** : | |

## MOTION OF DEFENDANT KENNETH LIN
## TO DISMISS THE COMPLAINT

Defendant Kenneth Lin ("Lin"), through undersigned counsel, respectfully moves for an order dismissing with prejudice the complaint filed by Inna Khodorkovskaya ("Plaintiff") on March 22, 2019 in the above-captioned action (the "Complaint").

The Complaint suffers from several legal defects that require its dismissal. The Complaint's central allegation is implausible. Specifically, the Complaint alleges that the play "Kleptocracy" (the "Play"), which was written by Lin and ran for roughly one month in Washington, D.C., falsely depicted Plaintiff as a murderer and a prostitute, and therefore gives rise to causes of action for False Light Invasion of Privacy ("False Light") and Intentional Infliction of Emotional Distress ("IIED"). But the Play simply does not so portray Plaintiff. Moreover, as the Play is a work of fiction, which is clearly shown by not only its tagline but also by the context and content of the work itself, the First Amendment allows breathing room for the dramatization of the events and characters depicted. The Complaint also fails under the First Amendment because the events shown are understandable as opinion, theory, conjecture, or

surmise, rather than fact. The Complaint is further flawed because Plaintiff, a limited-purpose public figure, has failed to allege facts that constitute actual malice by Lin, meaning knowledge of falsity or reckless disregard of the truth, which is necessary to state a claim that can survive First Amendment scrutiny. In addition, the Complaint does not satisfy the requisite elements to maintain an IIED claim.

For these reasons, as more fully explained in the accompanying Memorandum of Points and Authorities, the Complaint fails to state a claim against Lin upon which relief can be granted, and the Court should therefore dismiss the Complaint under Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure. The dismissal should be with prejudice, moreover, because Plaintiff cannot cure the many flaws in the Complaint.

A proposed order is attached herewith.

Dated: July 22, 2019                                                    Respectfully submitted,


/s/ Barbara S. Wahl
Barbara S. Wahl (Bar No. 297978)
Michael F. Dearington (Bar No. 1025086)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 857-6000
Fax: (202) 857-6395
barbara.wahl@arentfox.com
michael.dearington@arentfox.com

*Attorneys for Defendant Kenneth Lin*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2019, true and correct copies of the Motion to Dismiss, Memorandum of Points and Authorities, and Proposed Order were filed through the Court's electronic filing system, which will automatically send copies to all counsel of record.

          /s/ *Barbara S. Wahl*
          Barbara S. Wahl

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INNA KHODORKOVSKAYA,** | : |
| **Plaintiff,** | : |
| vs. | : Case No. 1:19-cv-00809-DLF |
| **KENNETH K. LIN, et al.,** | : |
| **Defendants.** | : |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## <u>MOTION TO DISMISS BY DEFENDANT KENNETH LIN</u>

Barbara S. Wahl (Bar No. 297978)
Michael F. Dearington (Bar No. 1025086)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 857-6000
Fax: (202) 857-6395
barbara.wahl@arentfox.com
michael.dearington@arentfox.com

*Attorneys for Defendant Kenneth Lin*

Defendant Kenneth Lin ("Lin") respectfully submits this Memorandum in support of his Motion to Dismiss the Complaint with prejudice.

## BACKGROUND

On March 22, 2019, Plaintiff Inna Khodorkovskaya ("Plaintiff") filed the instant action against Defendant Kenneth Lin, author of the play "Kleptocracy" (the "Play"), and Defendant Jackson Gay ("Gay"), director of the Play. *See* Compl. ¶¶ 46–47, ECF No. 1 ("Compl."). The Play is a self-described work of "fiction" inspired by the decades-long, high-profile dispute between Plaintiff's husband Mikhail Khodorkovskii, a famous former Russian oligarch billionaire and current political dissident, and President Vladimir Putin of Russia. ECF No. 9 at 11–15;[1] *see also* Compl. ¶¶ 50–51. The Play ran for roughly one month in early 2019 in Washington, D.C. Compl. ¶ 49.

Plaintiff alleges that the Play's opening scene falsely portrayed her as a prostitute and that a subsequent scene falsely portrayed her as being involved in the 1998 murder of a Siberian mayor, Vladimir Petukhov, for which her husband was charged by Russian prosecutors. *See id.* ¶¶ 24, 42, 46–48, 52–56. Plaintiff alleges that Lin "knowingly used false Russian propaganda sources to portray a narrative of [Plaintiff] in a false light . . . in order to support the Russian government's efforts to discredit [her husband] and weaken his efforts to bring democracy and human rights to Russia." *Id.* ¶ 46. Plaintiff asserts causes of action against Lin and Gay for False Light Invasion of Privacy ("False Light") and Intentional Infliction of Emotional Distress ("IIED"). *Id.* ¶¶ 60–70.

---

[1] References to page numbers in each filing cited herein refer to the page numbers generated by the ECF system and stamped in the header of the particular filing.

After Plaintiff served Defendant Gay with the Complaint and summons, Gay filed a motion to dismiss on May 24, 2019. *See* ECF No. 9. The motion highlighted numerous legal defects in the Complaint that require its dismissal with prejudice as to Gay, including the implausibility of the allegations, as well as the First Amendment protections that precluded Plaintiff's claims. *See id.* Plaintiff filed an opposition on June 7, 2019, *see* ECF No. 11, and Gay filed a reply brief on June 19, *see* ECF No. 13. That motion is now fully briefed.

Lin waived service of the Complaint on May 23, 2019, causing his responsive pleading to be due on or before July 22, 2019. ECF No. 10. Lin timely filed his Motion to Dismiss and this supporting Memorandum, requesting that the Court dismiss the Complaint with prejudice as to Lin, for substantially the same reasons that the Complaint must be dismissed with prejudice as to Gay.

## ARGUMENT

Plaintiff's Complaint should be dismissed under Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure with prejudice as to Lin, substantially for the reasons stated in Parts I through III of the Memorandum in support of co-defendant Gay's Motion to Dismiss, which are hereby adopted and incorporated by reference, along with all exhibits, as though stated fully herein. *See* ECF No. 9 at 17–38. These reasons, each of which independently requires dismissal, are summarized in turn below.

First, Plaintiff's False Light and IIED claims must be dismissed because they are based on implausible allegations—specifically, that the opening scene of the Play falsely portrays Plaintiff as a prostitute and that a later scene falsely portrays her as being involved in the murder of Mayor Petukhov. *Id.* at 17–21. As a review of the Play itself reveals, the Play does not depict Plaintiff as a prostitute or as a murderer. *Id.* at 17–20. To the contrary, the opening scene depicts

the Mikhail character trying to woo the Inna character, whom he later marries, and clashing with the Inna character's protective boyfriend. *Id.* at 17–18. It cannot reasonably be construed as depicting the Inna character as a prostitute. *Id.* During the murder scene, unidentified masked men kill Mayor Petukhov *before* the Mikhail and Inna characters have completed their discussion about how they should handle Mayor Petukhov's scrutiny of Mikhail's company. *Id.* at 18–20. The obvious implication of the scene is that neither Mikhail nor Inna was involved with the murder, even if it solved a problem for Mikhail's company, and Inna was not even aware of the murder until after it occurred. *Id.* Because both of Plaintiff's central allegations are implausible, Plaintiff cannot establish the elements required to state a False Light or IIED claim against Lin. *Id.* at 20–21.

Second, Plaintiff's False Light and IIED claims must be dismissed because they contravene Lin's First Amendment rights and protections. *See id.* at 21–36.

As a threshold matter, the First Amendment forecloses Plaintiff's claims because the alleged depictions in the Play do not imply an assertion of an objective and verifiable fact about Plaintiff. *Id.* at 23–28. Because the Play is a self-described work of fiction inspired by historical events, no reasonable audience member would have understood its alleged depictions of the Inna character—especially in the context of a theatrical production—to constitute accurate and verifiable factual representations about Plaintiff, as might be expected in a documentary. *Id.* at 23–26. Instead, a reasonable audience would have understood that the Play and its depictions were fictionalized dramatizations of historic figures and events. *Id.* And even if the Play were understood by the audience to be nonfictional—which is contrary to the Play's own description as a work of "fiction"—the alleged depiction of Plaintiff as being involved in the Mayor Petukhov murder would still be nonactionable under the First Amendment. This is because a

3

reasonable audience would have at best understood the alleged depiction of the unsolved murder in the Play to constitute opinion, theory, conjecture, or surmise about what happened, rather than an assertion of objective and verifiable facts based on first-hand knowledge of the playwright. *Id.* at 26–28. Because the alleged depictions in the Play do not imply an assertion of an objective and verifiable fact, the First Amendment forecloses Plaintiff's claims. *Id.* at 23–24.

The First Amendment also forecloses Plaintiff's claims because, although she is a limited-purpose public figure, she has not adequately alleged that Lin had "actual malice" when allegedly falsely depicting her in the Play. *See id.* at 29–36. When a plaintiff is a limited-purpose public figure, she must demonstrate by "clear and convincing evidence" that the defendant published a falsehood with "actual malice," which means with knowledge that it was false or with reckless disregard of whether it was false or not. *Id.* at 29. Plaintiff is a limited-purpose public figure with respect to the high-profile dispute between her husband and President Putin and the controversies explored in the Play, and she has even denied in statements to the media that she or her husband were responsible for the murder of Mayor Petukhov, intentionally thrusting herself into that public controversy. *Id.* at 29–31. To survive dismissal, Plaintiff must therefore allege that Lin had actual malice in falsely depicting her. *Id.* The Complaint fails to allege actual malice by Lin. *Id.* at 31–36.[2] Indeed, there is no allegation that Lin knew or had reckless disregard as to the alleged falsity of the depictions of Plaintiff in the Play. *Id.* at 31–32. Plaintiff's allegation that Internet searches would have revealed that the Russian government had

---

[2] Lin adopts each of the arguments as to how the Complaint fails to adequately allege actual malice set forth in Gay's memorandum in support of her Motion to Dismiss, except the argument that Gay was entitled to rely on the representations in the script without independently verifying them, and that nothing in the script should have put Gay on notice of the possible falsity of the depictions of Plaintiff at issue. *See* ECF No. 9 at 32–33. These arguments are inapplicable to Lin since he is alleged to have written the script.

a bias against Plaintiff's husband does not establish actual malice by Lin as to the alleged falsity of the depictions in the Play. *Id.* Nor does the creation of dialogue or scenes that did not actually occur establish or evince actual malice, as it is well-settled that authors are entitled under the First Amendment to significant literary license and breathing room when dramatizing historic events or figures. *Id.* at 34–36. Because Plaintiff failed to adequately allege that Lin had actual malice, the First Amendment requires dismissal of her claims.

Third, Plaintiff's IIED claim must be dismissed because the Complaint fails to adequately allege any of the three elements necessary to state that cause of action. *See id.* at 36–38. The Complaint fails to allege "extreme and outrageous" conduct by Lin, an element that can be met only if Lin's alleged conduct is so extreme in degree that it goes "beyond all possible bounds of decency" and is "regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 36. The alleged depictions in the Play are neither extreme nor outrageous. *Id.* at 36–37. The Complaint also fails to allege that Lin intended to cause Plaintiff severe emotional distress, or had reckless disregard as to that result. *Id.* at 37. Indeed, the Complaint fails to allege facts that suggest that Lin even had knowledge of the purported falsity of the depictions of Plaintiff in the Play. *Id.* Finally, the Complaint fails to allege that Plaintiff suffered serious, verifiable emotional injury as a result of the alleged depictions in the Play, and instead pleads emotional distress only in conclusory fashion, which is insufficient. *Id.* at 37–38. Because the Complaint fails to allege any of the three elements of an IIED claim adequately, the IIED claim must be dismissed.

## CONCLUSION

In an effort to shape public opinion, Plaintiff regretfully seeks to silence Lin using the courts rather than disagree with him in the public forum. Plaintiff's allegations are implausible,

5

however, and the First Amendment also precludes her claims. Because the legal defects in the Complaint cannot be cured, the Court should dismiss the Complaint against Lin with prejudice.

Dated: July 22, 2019                                         Respectfully submitted,

/s/ Barbara S. Wahl
Barbara S. Wahl (Bar No. 297978)
Michael F. Dearington (Bar No. 1025086)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 857-6000
Fax: (202) 857-6395
barbara.wahl@arentfox.com
michael.dearington@arentfox.com

*Attorneys for Defendant Kenneth Lin*